**DREW WILSON, CA Bar No. 283616**
drew.wilson@wbd-us.com
**WOMBLE BOND DICKINSON (US) LLP**
**655 N. Central Ave., Suite 2300**
**Glendale, CA 91203-1445**
**Telephone: (626) 795-9900**
**Facsimile: (626) 577-8800**

Attorneys for Plaintiff
*Innovent Solutions, Inc.*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

INNOVENT SOLUTIONS, INC., a California Corporation,

Plaintiff,

vs.

INNOVENT SOLUTION, INC., a Virginia Corporation, and SYED AHMED ULLAH, an individual,

Defendants.

Case No. 8:25-cv-02794

**COMPLAINT FOR:**

**(1) FEDERAL TRADEMARK INFRINGEMENT [15 U.S.C. § 1114];**

**(2) FALSE DESIGNATION OF ORIGIN; [15 U.S.C. § 1125(a)];**

**(3) UNFAIR COMPETITION [Cal. Bus. & Prof. Code § 17200 *et seq.*];**

**(4) COMMON LAW TRADEMARK INFRINGEMENT;**

**and**

**(5) COMMON LAW UNFAIR COMPETITION**

**DEMAND FOR JURY TRIAL**

655 North Central Avenue
Suite 2300
Glendale, CA 91203-1445
WOMBLE BOND DICKINSON

Plaintiff Innovent Solutions, Inc. ("Innovent Solutions" or "Plaintiff"), by and through its attorneys, asserts this Complaint against Syed Ahmed Ullah, ("Ullah") and Innovent Solution, Inc. ("ISI") (collectively, "Defendants") (with Plaintiff, the "Parties") as set forth below.

## THE PARTIES

1. Innovent Solutions is a California corporation organized and existing under the laws of the State of California, having a principal place of business at 300 Spectrum Center Drive, Suite 400, Irvine, CA 92618.

2. On information and belief, Ullah is an individual and a resident of Manassas, Virginia.

3. On information and belief, ISI is a Virginia corporation organized and existing under the laws of the State of Virginia, having its principal place of business at 5597 Hobson's Choice Loop, Manassas, VA 20112.

## JURISDICTION AND VENUE

4. This is an action for federal trademark infringement under 15 U.S.C. § 1114 *et seq.*, false designation of origin under 15 U.S.C. § 1125(a), violation of California Business and Professions Code § 17200, common law trademark infringement, and California common law unfair competition.

5. This Court has jurisdiction over the subject matter of this lawsuit pursuant to 15 U.S.C. § 1121(a) and 28 U.S.C. §§ 1331 and 1338(a) and (b). This Court has supplemental jurisdiction over Innovent Solutions' state law claims pursuant to 28 U.S.C. § 1367 because those claims are so related to the federal claims that they form part of the same case or controversy.

6. On information and belief, Ullah is the owner, CEO, and director of ISI.

7. This Court has personal jurisdiction over Defendants by virtue of their transacting, doing, and soliciting business in this district, by targeting customers in this district, by targeting Innovent Solutions in this district, by causing harm in this

WOMBLE BOND DICKINSON
655 North Central Avenue
Suite 2300
Glendale, CA 91203-1445

district, and because a substantial part of the relevant events occurred in this district.

8. Venue is proper in this judicial district under 28 U.S.C. § 1392(b) because a substantial part of the events or omissions giving rise to Innovent Solutions' claims occurred in this judicial district, and Defendants are residents of this district.

**Development and Ownership of the INNOVENT SOLUTIONS Trademark**

9. Innovent Solutions adopted and began using the INNOVENT SOLUTIONS trademark in connection with computer software development and business consulting services in the field of data management, business intelligence, and e-commerce, at least as early as October 3, 2000.

10. Innovent Solutions has advertised its services in connection with the INNOVENT SOLUTIONS trademark in various platforms and on various media, including but not limited to the internet. Innovent Solutions' website featuring its prominent use of the INNOVENT SOLUTIONS trademark is available at https://www.innoventsolutions.com/

11. Through its extensive advertising, long term use, and quality services provided in connection with the INNOVENT SOLUTIONS trademark, Innovent Solutions has acquired significant secondary meaning in the INNOVENT SOLUTIONS trademark in the minds of relevant consumers who now associate the mark with Innovent Solutions, and who use the trademark to differentiate the services offered by Innovent Solutions from the services offered by others.

12. Innovent Solutions is the owner of U.S. Trademark Registration No. 4,480,498 (the "'498 Registration") for the standard character wordmark INNOVENT SOLUTIONS for "Business consulting services in the field of data management, business intelligence, and e-commerce" in International Class 35. The application that matured into the '498 Registration was filed on June 13, 2013, on an actual use basis and issued as a registration on February 11, 2014. It is now

WOMBLE BOND DICKINSON
655 North Central Avenue
Suite 2300
Glendale, CA 91203-1445

WOMBLE BOND DICKINSON
655 North Central Avenue
Suite 2300
Glendale, CA 91203-1445

incontestable. A copy of the status page for the '498 Registration showing that the registration is live and owned by Innovent Solutions is attached as Exhibit 1.

13. Because of Innovent Solutions' long and continuous use of the INNOVENT SOLUTIONS trademark, and Innovent Solutions' significant sales and/or provision of services in connection with the INNOVENT SOLUTIONS trademark, the INNOVENT SOLUTIONS trademark is a commercially strong trademark when used in connection with software development and/or business consulting services.

14. The trademark INNOVENT SOLUTIONS is arbitrary when used in connection with software development and business consulting services in the field of data management, business intelligence, and e-commerce services, meaning that the mark is conceptually strong.

**Defendants' Infringing Use of INNOVENT SOLUTION Trademark**

15. On information and belief, Ullah is a software developer who offers software development and business consulting services in connection with the INNOVENT SOLUTION trademark through his company, co-defendant Innovent Solution, Inc., in Manassas Virginia. On information and belief, these business consulting and software development services include e-commerce, business intelligence, and data management.

16. On information and belief, Ullah controls and directs all of the activities of defendant ISI, including but not limited to its use and adoption of the INNOVENT SOLUTION trademark. Ullah is the owner, Chief Executive Officer, and Director of ISI.

17. On information and belief, the Parties' trademarks have a highly similar sight, sound, and meaning as the parties' marks are exactly the same save the "s" at the end.

18. On information and belief, Defendants target the same customers for the services they offer in connection with the INNOVENT SOLUTION trademark

that Innovent Solutions targets for the services it offers in connection with the INNOVENT SOLUTIONS trademark.

19. On information and belief, Defendants advertise their services in the same marketing channels in connection with the INNOVENT SOLUTION trademark that Innovent Solutions advertises its services in connection with INNOVENT SOLUTIONS.

20. On information and belief, like Innovent Solutions, Defendants advertise their services on the internet. On information and belief, ISI's website is https://innoventsolutionllc.com/

21. On information and belief, Defendants adopted the INNOVENT SOLUTION trademark with knowledge of Innovent Solutions' use of the INNOVENT SOLUTIONS trademark.

22. On information and belief, the INNOVENT SOLUTION trademark is not the subject of a federal or state trademark registration that is owned by Defendants.

23. On information and belief, actual confusion is already happening between ISI's use of the INNOVENT SOLUTION mark and Innovent Solutions' use of its INNOVENT SOLUTIONS mark. In one example, Innovent Solutions was called by a person who was questioning a charge on their credit card bill. The individual had made a purchase from a website called Car Gauge that claims to be "Powered by Innovent Solution" at the bottom of the page. This page was created by and/or ran by ISI:




**Car Gauge Website www.cargauge.us**

655 North Central Avenue
Suite 2300
Glendale, CA 91203-1445
WOMBLE BOND DICKINSON

24. On information and belief Innovent Solutions is being actively harmed by these instances of actual confusion. ISI's inferior services are causing reputational harm to Innovent Solutions and its Innovent Solutions trademark.

**FIRST CLAIM FOR RELIEF**

**(Federal Trademark Infringement)**

**[15 U.S.C. §§ 1114]**

25. Innovent Solutions realleges and incorporates by reference paragraphs 9-24 as though fully set forth herein.

26. On information and belief, Innovent Solutions has both priority of use and of registration of the subject mark of the '498 Registration over Defendants' use of the INNOVENT SOLUTION trademark.

27. On information and belief, the subject mark of the '498 Registration and Defendants' INNOVENT SOLUTION trademark have substantially the same sight, sound, and meaning.

28. On information and belief, the subject mark of the '498 Registration is commercially and conceptually strong when used in connection with the services claimed by the '498 Registration.

29. On information and belief, the Parties offer the same and/or highly related services in connection with their respective marks.

30. On information and belief, the Parties target the same customers for the services that they offer in connection with their respective marks.

31. On information and belief, the Parties use many of the same marketing channels for the services that they offer in connection with their respective mark.

32. On information and belief, Defendants selected the INNOVENT SOLUTIONS trademark with the intention to freeride on the goodwill associated with the subject mark of the '498 Registration.

33. Defendants' advertising, offering, and provision of software development and business consulting services in connection with the INNOVENT

WOMBLE BOND DICKINSON
655 North Central Avenue
Suite 2300
Glendale, CA 91203-1445

SOLUTION trademark is likely to cause confusion or mistake or to deceive consumers and, therefore, violates Innovent Solutions' federally registered trademark rights in Innovent Solutions' '498 Registration, rendering Defendants liable for trademark infringement pursuant to 15 U.S.C. § 1114.

34. Innovent Solutions has been damaged by Defendants' trademark infringement by reason of the likelihood that consumers, potential customers, businesses, retailers, and distributors are likely to be confused as to the source or affiliation, sponsorship, or approval of Defendants' and/or Innovent Solutions' services.

35. By reason of Defendants' actions alleged herein, Innovent Solutions has suffered irreparable injury to its goodwill.

36. On information and belief, Defendants' acts of trademark infringement have been willful and taken without regard to Innovent Solutions' established rights.

37. Unless enjoined by this Court, Defendants will continue to infringe Innovent Solutions' federally registered INNOVENT SOLUTIONS trademark by marketing and providing software development and business consulting services in connection with the INNOVENT SOLUTION trademark, thereby deceiving the public and causing Innovent Solutions immediate and irreparable damages for which Innovent Solutions has no adequate remedy at law.

38. Innovent Solutions is informed and believes and, upon that basis, alleges that Defendants' acts have been willful, wanton, malicious, and oppressive or committed with a reckless disregard for Innovent Solutions' trademark rights. Innovent Solutions is, therefore, entitled to recover trebled damages suffered by Innovent Solutions as a result of Defendants' willful and deliberate acts.

WOMBLE BOND DICKINSON
655 North Central Avenue
Suite 2300
Glendale, CA 91203-1445

WOMBLE BOND DICKINSON
655 North Central Avenue
Suite 2300
Glendale, CA 91203-1445

**SECOND CLAIM FOR RELIEF**

**(False Designation of Origin)**

**[15 U.S.C. § 1125(a)]**

39. Innovent Solutions realleges and incorporates by reference paragraphs 9-24 as though fully set forth herein.

40. On information and belief, Innovent Solutions has priority of use of the INNOVENT SOLUTIONS trademark over Defendants' use of the INNOVENT SOLUTION trademark.

41. On information and belief, the INNOVENT SOLUTIONS trademark and Defendants' INNOVENT SOLUTION trademark have substantially the same sight, sound, and meaning.

42. On information and belief, the INNOVENT SOLUTIONS trademark is commercially and conceptually strong when used in connection with software development and business consulting services.

43. On information and belief, the Parties offer the same or highly similar services in connection with their respective marks.

44. On information and belief, the Parties target the same customers for the services that they offer in connection with their respective marks.

45. On information and belief, the Parties use many of the same marketing channels for the services that they offer in connection with their respective mark.

46. Defendants' advertising, offering, and provision of software development and/or business consulting services in connection with the INNOVENT SOLUTION trademark constitutes a false designation of origin and false description that is likely to cause confusion or mistake or to deceive as to the affiliation, connection, or association of Defendants with Innovent Solutions, in violation of 15 U.S.C. § 1125(a).

47. Defendants' activities in advertising, offering, and provision of software development services in connection with the INNOVENT SOLUTION trademark constitutes an attempt by Defendants to profit from Innovent Solutions' reputation and goodwill from those likely to believe that Defendants' services have the same characteristics or qualities of Innovent Solutions.

48. Innovent Solutions is informed and believes, and upon that basis alleges, that Defendants' acts have been willful, wanton, malicious, and oppressive, or as committed with a reckless disregard for Innovent Solutions' rights. Innovent Solutions is, therefore, entitled to recover trebled damages suffered by Innovent Solutions as a result of Defendants' willful and deliberate acts.

49. Innovent Solutions has no adequate remedy at law and Defendants' unlawful conduct will continue to damage Innovent Solutions unless immediately enjoined by this Court.

WOMBLE BOND DICKINSON
655 North Central Avenue
Suite 2300
Glendale, CA 91203-1445

**THIRD CLAIM FOR RELIEF**

**(California Business and Professions Code § 17200)**

50. Innovent Solutions realleges and incorporates by reference paragraphs 9-24 as though fully set forth herein.

51. On information and belief, Innovent Solutions has priority of use of the INNOVENT SOLUTIONS trademark over Defendants' use of the INNOVENT SOLUTION trademark.

52. On information and belief, the INNOVENT SOLUTIONS trademark and Defendants' INNOVENT SOLUTION trademark have substantially the same sight, sound, and meaning.

53. On information and belief, the INNOVENT SOLUTIONS trademark is commercially and conceptually strong when used in connection with software development and/or business consulting services.

54. On information and belief, the Parties offer the same or highly similar services in connection with their respective marks.

55. On information and belief, the Parties target the same customers for the services that they offer in connection with their respective marks.

56. On information and belief, the Parties use many of the same marketing channels for the services that they offer in connection with their respective mark.

57. Defendants' advertising, offering, and provision of software development and/or business consulting services in connection with the INNOVENT SOLUTION trademark constitutes a violation of California Business and Professions Code § 17200 as it is likely to cause confusion or mistake or to deceive as to the affiliation, connection, or association of Defendants with Innovent Solutions.

58. Defendants' activities in advertising, offering, and provision of software development and/or business consulting services in connection with the INNOVENT SOLUTION trademark constitutes an attempt by Defendants to profit from Innovent Solutions' reputation and goodwill from those likely to believe that Defendants' services have the same characteristics or qualities as those of Innovent Solutions.

59. Innovent Solutions has no adequate remedy at law and Defendants' unlawful conduct will continue to damage Innovent Solutions unless immediately enjoined by this Court.

**FOURTH CLAIM FOR RELIEF**

**(Common Law Trademark Infringement)**

60. Innovent Solutions realleges and incorporates by reference paragraphs 9-24 as though fully set forth herein.

61. On information and belief, Innovent Solutions has priority of use of the INNOVENT SOLUTIONS trademark over Defendants' use of the INNOVENT SOLUTION trademark.

WOMBLE BOND DICKINSON
655 North Central Avenue
Suite 2300
Glendale, CA 91203-1445

62. On information and belief, Innovent Solutions' INNOVENT SOLUTIONS trademark and Defendants' INNOVENT SOLUTION trademark have substantially the same sight, sound, and meaning.

63. On information and belief, the INNOVENT SOLUTIONS trademark is commercially and conceptually strong when used in connection with software development and/or business consulting services.

64. On information and belief, the Parties offer the same or highly related services in connection with their respective marks.

65. On information and belief, the Parties target the same customers for the services that they offer in connection with their respective marks.

66. On information and belief, the Parties use many of the same marketing channels for the services that they offer in connection with their respective mark.

67. Defendants' advertising, offering, and provision of software development services in connection with the INNOVENT SOLUTION trademark constitutes common law trademark infringement and is likely to cause confusion or mistake or to deceive as to the affiliation, connection, or association of Defendants with Innovent Solutions, in violation of California Common Law.

68. Innovent Solutions has been damaged by Defendants' trademark infringement by reason of the likelihood that consumers, potential customers, businesses, retailers, and distributors are likely to be confused as to the source or affiliation, sponsorship, or approval of Defendants' and/or Innovent Solutions' services.

69. By reason of Defendants' actions alleged herein, Innovent Solutions has suffered irreparable injury to its goodwill.

70. On information and belief, Defendants' acts of common law trademark infringement were willful and taken without regard to Innovent Solutions' established rights.

WOMBLE BOND DICKINSON
655 North Central Avenue
Suite 2300
Glendale, CA 91203-1445

WOMBLE BOND DICKINSON
655 North Central Avenue
Suite 2300
Glendale, CA 91203-1445

71. Unless enjoined by this Court, Defendants will continue to infringe Innovent Solutions' common law INNOVENT SOLUTIONS trademark by marketing and providing software development and/or business consulting services in connection with the INNOVENT SOLUTION trademark, thereby deceiving the public and causing Innovent Solutions immediate and irreparable damages for which Innovent Solutions has no adequate remedy at law.

72. Innovent Solutions is informed and believes and, upon that basis, alleges that Defendants' acts have been willful, wanton, malicious, and oppressive or committed with a reckless disregard for Innovent Solutions' trademark rights.

**FIFTH CLAIM FOR RELIEF**

**(Common Law Unfair Competition)**

73. Innovent Solutions realleges and incorporates by reference paragraphs 9-24 as though fully set forth herein.

74. On information and belief, Innovent Solutions has priority of use of the INNOVENT SOLUTIONS trademark over Defendants' use of the INNOVENT SOLUTION trademark.

75. On information and belief, the INNOVENT SOLUTIONS trademark and Defendants' INNOVENT SOLUTION trademark have substantially the same sight, sound, and meaning.

76. On information and belief, the INNOVENT SOLUTIONS trademark is commercially and conceptually strong when used in connection with software development and business consulting services.

77. On information and belief, the Parties offer the same services in connection with their respective marks.

78. On information and belief, the Parties target the same customers for the services that they offer in connection with their respective marks.

79. On information and belief, the Parties use many of the same marketing channels for the services that they offer in connection with their respective mark.

80. Defendants' advertising, offering, and provision of software development and/or business consulting services in connection with the INNOVENT SOLUTION trademark constitutes common law unfair competition and is likely to cause confusion or mistake or to deceive as to the affiliation, connection, or association of Defendants with Innovent Solutions, in violation of California Common Law.

81. Defendants' activities in advertising, offering, and provision of software development and/or business consulting services in connection with the INNOVENT SOLUTION trademark constitutes an attempt by Defendants to profit from Innovent Solutions' reputation and goodwill from those likely to believe that Defendants' services have the same characteristics or qualities as those of Innovent Solutions.

82. Innovent Solutions is informed and believes, and upon that basis alleges, that Defendants' acts have been willful, wanton, malicious, and oppressive, or as committed with a reckless disregard for Innovent Solutions' rights.

83. Innovent Solutions has no adequate remedy at law and Defendants' unlawful conduct will continue to damage Innovent Solutions unless immediately enjoined by this Court.

## PRAYER FOR RELIEF

WHEREFORE, Innovent Solutions prays as follows:

1. For an order entering judgment that Defendants have infringed Innovent Solutions' exclusive rights in the subject mark of the '498 Registration under § 32 of the Lanham Act, 15 U.S.C. § 1114;

2. For an order entering judgment that Defendants have infringed Innovent Solutions' exclusive rights in the INNOVENT SOLUTIONS trademark under § 43 of the Lanham Act, 15 U.S.C. § 1125;

655 North Central Avenue
Suite 2300
Glendale, CA 91203-1445
WOMBLE BOND DICKINSON

3. For an order entering judgment that Defendants have engaged in unfair business practices in violation of the California Business and Professions Code § 17200;

4. For an order entering judgment that Defendants have violated Innovent Solutions' common law rights under California common law;

5. For an order entering judgment that Defendants have competed unfairly with Innovent Solutions under California common law;

6. For an order entering judgment that Defendants acts of trademark infringement and unfair competition were willful;

7. For an order preliminarily and permanently enjoining Defendants, all of their agents, officers, employees, representatives, successors, assigns, attorneys, and all other persons acting for, with, by, through, or under authority from Defendants, or in concert or participation with Defendants, and each of them, from:

a. using the INNOVENT SOLUTIONS and/or INNOVENT SOLUTION trademark on or in connection with any of Defendants' services;

b. using trademark, name, logo, design, or source designation of any kind on or in connection with Defendants' services that contains the words "INNOVENT" and "SOLUTION" within 3 words of each other regardless of the order or conjugation;

c. using any trademark, name, logo, design, or source designation of any kind on or in connection with Defendants' services that is a copy, reproduction, colorable imitation, or simulation of, or confusingly similar to any of Innovent Solutions' trademarks, trade dresses, names, or logos;

d. using any trademark, name, logo, design, or source designation of any kind on or in connection with Defendants' goods and/or

WOMBLE BOND DICKINSON
655 North Central Avenue
Suite 2300
Glendale, CA 91203-1445

services that is likely to cause confusion, mistake, deception, or public misunderstanding that such good or services are produced or provided by Innovent Solutions, or are sponsored or authorized by Innovent Solutions, or are in any way connected or related to Innovent Solutions;

8. That Innovent Solutions be awarded all damages caused by the acts forming the basis of this Complaint;

9. That Innovent Solutions be awarded the profits that Defendants made from the services that it provided in connection with the infringing INNOVENT SOLUTION trademark;

10. Based on Defendants' knowing and intentional use of a confusingly similar imitation of the INNOVENT SOLUTIONS trademark, for the damage awarded be trebled and the award of Defendants' profits be enhanced as provided for by 15 U.S.C. § 1117(a);

11. For an order requiring Defendants to pay to Innovent Solutions the costs and reasonable attorneys' fees incurred by Innovent Solutions in this action pursuant to 15 U.S.C. § 1117(a), and the relevant state statutes cited in this Complaint;

12. Based on Defendants' willful and deliberate infringement of the INNOVENT SOLUTIONS trademark, unfair competition, and other conduct described in this Complaint, and to deter such conduct in the future, for Innovent Solutions to be awarded punitive and exemplary damages;

13. For an award to Innovent Solutions of prejudgment and post-judgment interest on all monetary awards; and

14. For such other and further relief as this Court deems just and proper.

WOMBLE BOND DICKINSON
655 North Central Avenue
Suite 2300
Glendale, CA 91203-1445

Dated: December 17, 2025

Respectfully submitted,

WOMBLE BOND DICKINSON (US) LLP

By */s/Drew Wilson*
Drew Wilson

Attorneys for Plaintiff
*Innovent Solutions, Inc.*

WOMBLE BOND DICKINSON
655 North Central Avenue
Suite 2300
Glendale, CA 91203-1445

WOMBLE BOND DICKINSON
655 North Central Avenue
Suite 2300
Glendale, CA 91203-1445

## DEMAND FOR JURY TRIAL

Plaintiff Innovent Solutions, Inc. demands a jury trial of all issues in this action so triable.

Dated: December 17, 2025

Respectfully submitted,

WOMBLE BOND DICKINSON (US) LLP

By *_/s/Drew Wilson_*
Drew Wilson

Attorneys for Plaintiff
*Innovent Solutions, Inc*